UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **KATHERINE PAYNE,** | ) | **CASE NO. 1:09CV140** |
| | ) | |
| **PLAINTIFF,** | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **COMMISSIONER OF** | ) | **ORDER ADOPTING REPORT** |
| **SOCIAL SECURITY,** | ) | **AND RECOMMENDATION** |
| | ) | |
| **DEFENDANT.** | ) | |

This matter is an action to review Defendant Commissioner of Social Security's ("the Commissioner") final decision denying Plaintiff Katherine Payne's ("Payne") claims for Disability Benefits under 42 U.S.C. §§ 416, 423, and Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq*.

**I. BACKGROUND**

On January 29, 2009, pursuant to L.R. 72.2, this matter was automatically referred to Magistrate Judge David S. Perelman for a report and recommendation. (Dkt. # 4). On May 11, 2010, the Magistrate Judge issued his Report and Recommendation ("R&R"), recommending that this Court reverse the decision of the Administrative Law Judge ("ALJ"), and remand the matter pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings. (Dkt. # 21). The Commissioner timely filed objections to the Magistrate Judge's R&R, arguing that the decision of the ALJ was supported by

1

substantial evidence and should be upheld. (Dkt. # 22). Neither party has objected to the facts as set forth in the Magistrate Judge's R&R. Therefore, this Court adopts those facts.

## II. LAW AND ANALYSIS

In his R&R, the Magistrate Judge found that the ALJ's decision was not supported by substantial evidence and violated applicable law. To reach this finding, the Magistrate Judge considered Payne's four assignments of error: 1) the ALJ violated the treating physician rule, 2) the ALJ failed to consider the impact of Payne's "not severe" impairments in making her RFC finding, 3) the ALJ erred in finding Payne to be not credible, and 4) the ALJ erred in not considering Social Worker Culler's opinion a non-medical source under SSR 06-3p. While the Magistrate Judge rejected Payne's fourth assignment of error, he agreed with Payne regarding the first three.

This Court agrees with the Magistrate Judge's recommendation to uphold Payne's first assignment of error. The "treating physician" rule of Wilson v. Commissioner of Social Security, 378 F.3d 541 (6th Cir. 2004), requires that:

> an ALJ must give more weight to opinions from treating sources since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairments and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations.

Wilson, 378 F.3d at 544.

Furthermore, an ALJ must give controlling weight to the opinion of a treating source where the opinion is well-supported by reliable medical evidence, and is not contradicted by other substantial evidence in the record. Id. "Substantial evidence means

2

more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Felisky v. Bowen, 35 F.3d 1027, 1035 (6th Cir. 1994) (internal quotations omitted). Even if an ALJ declines to give the treating physician's opinion controlling weight "there remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference." Rogers v. Commissioner of Social Sec., 486 F.3d 234, 242 (6th Cir. 2007).

Where an ALJ does not give controlling weight to the opinion of a treating source, the ALJ must provide "good reasons" for not doing so. Wilson, 378 F.3d at 544. The ALJ must consider factors such as the duration of treatment, the frequency of examination, the supportability of the opinion, the consistency of the opinion with the entire record, and the specialization of the treating source. Id. Summary dismissals of a treating source's opinion will not satisfy the "good reasons" requirement. Id. at 545.

In discounting the opinion of Anne Wise, M.D. ("Dr. Wise"), Payne's treating physician, the ALJ stated:

> As for the opinion evidence, I assign less weight to the opinion of Ann Wise, M.D., from Neighborhood Family Practice. This opinion is not entitled to controlling weight. Dr. Wise was of the opinion that the claimant had marked to extreme limitations in various areas of mental functioning and would miss at least three to four days of work per month due to her mental impairments. This opinion is unreliable for several reasons. First, it does not appear that Dr. Wise is a psychologist or psychiatrist; rather, she specializes in occupational medicine and family practice. Second, her opinion appears to be based on the evaluation performed by a non-acceptable medical source, a social worker intern; Dr. Wise even stated that further evaluation by a psychiatrist/psychologist was required to confirm the claimant's diagnosis. Third, this opinion, rendered in July 2008, was based on examinations performed between January 2007 and September 2007, and as such is not reflective of her functioning in 2008. Fourth, her opinion is not consistent with the clinical findings which

3

>indicate that claimant experienced an improvement in symptoms in 2007; the claimant even discontinued counseling and has not sought counseling after earning money (see Exhibit 16F).

(Dkt. # 11 at 20).

This Court concurs with the Magistrate Judge's finding that the ALJ did not provide adequate reasons for failing to give controlling weight to Dr. Wise's opinion. First, in the context of this case, the fact that Dr. Wise is not a psychiatrist or psychologist does not warrant the dismissal of her opinion entirely. The record indicates that Dr. Wise is a trained physician who is fully capable of understanding Payne's condition. As the Magistrate Judge noted, "the fact that Dr. Wise is not a mental health specialist does not mean that her observations of the plaintiff over an eight month period, plus her review of the plaintiff's records prior thereto, would not give her reliable insights into the plaintiff's mental/emotional state."

Second, the ALJ cited insufficient evidence to substantiate his finding that Dr. Wise's opinion was based solely on the evaluation of a "social worker intern." Moreover, Dr. Wise's recommendation that Payne receive further evaluation does not negate Dr. Wise's diagnosis. Rather, it merely confirms that Dr. Wise believed that Payne was suffering from a serious condition. Simply because Dr. Wise recommended Payne receive further treatment from a specialist, consistent with her diagnosis, does not undermine the value Dr. Wise's opinion.

Third, this Court agrees with the Magistrate Judge's finding that Dr. Wise's opinion is probative because it applied to a period that occurred after Payne's claimed

onset date. And fourth, this Court finds that the ALJ's assertion that Payne experienced improvement in symptoms in 2007 is not supported by the record.

However, this Court declines to adopt the Magistrate Judge's recommendation to uphold Payne's second and third assignments of error, which relate to the ALJ's treatment of the opinion of Mitchell Wax, Ph.D. ("Dr. Wax"), a consultative examining psychologist, and the ALJ's determination of Payne's credibility. This Court disagrees with the Magistrate Judge's statement that "any fair reading of Dr. Wax's report can only lead to the conclusion that he considered the plaintiff to be suffering from a severe mental disorder." To the contrary, a reasonable fact-finder could perceive inconsistencies in Dr. Wax's opinion, which thus requires this Court to defer to the ALJ on this matter. Likewise, the ALJ was in the best position to determine the credibility of Payne. Therefore, the ALJ did not err in weighing the opinion of Dr. Wax and determining the credibility of Payne.

Nevertheless, because the ALJ violated the treating physician rule, this matter is hereby remanded pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.

### III. CONCLUSION

For the foregoing reasons, this Court rejects the Commissioner's Objections to the Magistrate Judge's Report and Recommendation, in part. (Dkt. # 22). The Magistrate Judge's Report and Recommendation is **ADOPTED,** in part. (Dkt. # 21). This matter is hereby **REVERSED** and **REMANDED**.

**IT IS SO ORDERED.**

5

**/s/ Peter C. Economus – August 26, 2010**
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**