IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KATHLEEN PAYNE, | ) | CASE NO. 1:09-CV-140 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA GAUGHAN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE McHARGH |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner | ) | **REPORT AND RECOMMENDATION** |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

On May 11, 2010, Magistrate Judge David Perelman recommended the Court to remand the instant case to the Social Security Administration for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) (Doc. 21). The Court adopted Magistrate Perelman's Report and Recommendation, in part, finding that remand was necessary because the Administrative Law Judge ("ALJ") had rejected the opinion of Plaintiff's treating physician, Dr. Wise, without stating adequate justification (Doc. 25).[1] The case was remanded, and on November 23, 2010, Plaintiff, Kathleen Payne, filed a motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) (Doc. 27). On December 7, 2010, the Commissioner of Social Security ("Commissioner") filed an opposition to Plaintiff's motion, arguing that Plaintiff was not entitled to attorney's fees because the government's position was substantially justified (Doc. 29). In the alternative, the Commissioner requested that any award granted be made payable to Plaintiff and not to Plaintiff's counsel. *Id*.

---

[1] On November 24, 2010, this case was reassigned to Judge Patricia Gaughan. On December 2, 2010, Judge Gaughan referred the case to the undersigned (Doc. 28).

For the reasons that follow, the Court recommends that Plaintiff's motion for attorney's fees be GRANTED in part and DENIED in part.

## I. EAJA STANDARD

The EAJA "'departs from the general rule that each party to a lawsuit pays his or her own legal fees' and requires the payment of fees and expenses to the prevailing party in an action against the United States, unless the position of the United States was substantially justified," or special circumstances would make an award unjust. *Howard v. Barnhart*, 376 F.3d 551, 553 (6th Cir. 2004), *quoting Scarborough v. Principi*, 124 S. Ct. 1856, 1860 (2004); *see also* 28 U.S.C. §2412(d)(1)(A). The party seeking attorney's fees bears the burden of proving that she is an eligible and prevailing party, while the Commissioner must prove that the government's position was "substantially justified." In this case, the parties do not dispute that Plaintiff is an eligible and prevailing party, and the Commissioner has not argued that special circumstances warrant the denial of fees or a reduction in the amount of attorney's fees requested. Thus, the analysis in this case turns on whether the Commissioner's position was substantially justified.

## II. LAW & ANALYSIS

The government's position is substantially justified if it was "justified in substance or in the main — that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood,* 487 U.S. 552, 565 (1988). This standard is equivalent to "a reasonable basis in both law and fact," and if there is a "genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action," the government's position will be deemed to have been substantially justified. *Noble v. Barnhart*, 230 F. App'x 517, 519 (6th Cir. 2007) (citing *Pierce*, 487 U.S. at 565). Notably, the mere fact that a court has ruled against the Commissioner and concluded that the government's

position was not supported by substantial evidence does not create a presumption that the Commissioner's position was not substantially justified. *See Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004). Indeed, the determination that "the Commissioner's position was unsupported by substantial evidence does not foreclose the possibility that the position was substantially justified." *Id.* As the Supreme Court stated in *Pierce*, "[o]bviously the fact that one other court agreed or disagreed with the Government does not establish whether its position was substantially justified. Conceivably, the Government could take a position that is not substantially justified, yet win; even more likely, it could take a position that is not substantially justified yet lose." *Pierce*, 487 U.S. at 569.

### A. Whether The Commissioner's Position Was Substantially Justified

As previously stated above, the Court in this case determined that the ALJ erred by failing to articulate adequate reasons for rejecting the opinion of Plaintiff's treating physician, Dr. Wise. Although the ALJ stated four reasons for its rejection of Dr. Wise's findings, the Court held that all four reasons listed were inadequate to validate the ALJ's dismissal of Dr. Wise's opinions.[2] A treating source's opinion is entitled to controlling weight where it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence in the case record." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (internal quotations omitted). When an ALJ determines that a treating source's opinion deserves less than controlling weight, the ALJ must articulate "good reasons" to support the weight given to

---

[2]Although the ALJ stated four reasons supporting his decision to discredit Dr. Wise, the Commissioner's brief only sought to offer justification for two of the explanations offered by the ALJ. Therefore, the Court limits its discussion below solely to the two reasons addressed by the Commissioner.

3

the opinion. *Id.*

Here, Defendant asserts two explanations justifying the ALJ's decision. First, Defendant avers that it was reasonable for the ALJ to reject Dr. Wise's opinions regarding Plaintiff's mental state and capabilities because Dr. Wise was not a mental health specialist. In support of this argument, Defendant cites 20 C.F.R. § 404.1527(d)(5), which states that an ALJ may give more weight to the opinion of a medical source regarding areas of his or her specialty than to the opinion of other sources who do not specialize in the area. While the Court agrees with this general proposition, it does not follow that the ALJ was entitled to entirely discredit Dr. Wise's opinions merely because she was not a mental health specialist. As Judge Economus indicated in his order, an ALJ must consider several factors when determining how much weight to assign to the treating physician's opinion (Doc. 25, at 3) – the specialization of the treating source is merely one factor.

In *Doud v. Comm'r of Soc. Sec.*, the Eastern District of Michigan Court addressed a similar issue. 314 F. Supp.2d 680 (E.D. Mich. 2003). There, the Commissioner argued that its position was substantially justified in choosing to discredit a treating source. The Commissioner argued that the treating source's opinions regarding the plaintiff's mental health were not entitled to any weight because the physician was not a mental health specialist. *Id.* at 683. The court found that the Commissioner's position was not substantially justified because although the treating source was not a mental health specialist, he had a five-year treatment relationship with the plaintiff and had experience with her physical, emotional, and psychological condition. *Id.*

The Court finds *Doud* persuasive. Although Dr. Wise only treated Plaintiff for approximately eight months, this was a sufficient amount of time for Dr. Wise to formulate insights into Payne's mental state. As Judge Economus stated, "the fact that Dr. Wise is not a psychiatrist

or psychologist d[id] not warrant the dismissal of her opinion entirely." (Doc. 25, at 4). Accordingly, the Court finds that the Commissioner has failed to set forth a "reasonable basis in law or fact" for rejecting Dr. Wise's opinion. *See Pierce*, 487 U.S. at 566, n. 2.

Next, Defendant maintains that the ALJ acted reasonably in questioning the basis of Dr. Wise's findings, considering that she did not provide any "notes suggesting she made personal observations or had any reliable personal insights as to Plaintiff's abilit[ies]." (Doc. 29, at 4). The Court also rejects this argument. The ALJ failed to cite any evidence to substantiate his finding that Dr. Wise relied solely upon the evaluations completed by the social worker, Ms. Culler. Because the ALJ neglected to cite any evidence supporting this conclusion, the Court infers that there was no tangible evidence to support this finding. As such, the Commissioner's position was not substantially justified.

### B. Payment Of The Award

Plaintiff requests payment of her attorney's fees in the amount of Five Thousand Six Hundred Thirty Dollars and Thirty-Eight Cents ($5,630.38). Defendant does not contest the amount of the award which Plaintiff seeks. Rather, Defendant challenges Plaintiff's request that the award be made payable to Plaintiff's counsel. Defendant avers that the EAJA award is payable to the litigant and not his or her attorney. *See Astrue v. Ratliff*, 130 S. Ct. 2521, 2530 (2010) (Sotomayor, J., concurring). Plaintiff, however, argues that the Court may order that the part of the award not subject to offset be made payable to Plaintiff's counsel.

In *Astrue v. Ratliff*, the Supreme Court held that because an EAJA award is made payable to the litigant, it may be offset by any federal debt owed by the litigant. *Id.* at 2526-27. Plaintiff now requests the Court to order that any remaining portion of the award, after offset, be made

5

payable to her counsel. Yet, *Ratliff,* is clear that "[a] § 2412(d)(1)(A) attorney's fees award is payable to the litigant." 130 S. Ct. 2521, 2522 (2010). Absent stipulation of the parties, the Court denies Plaintiff's request to order that the award be made payable to Plaintiff's counsel. However, seeing that Defendant has no objection, the Court orders that the award be mailed to Plaintiff in care of her counsel. Accordingly, the Court orders Defendant to conduct its investigation into whether Plaintiff owes any outstanding federal debt within thirty (30) days of this Court's Order. Following this investigation, Defendant shall submit the remaining balance of the award, if any, to Plaintiff in care of counsel.

### III. DECISION

For the foregoing reasons, the undersigned finds that the Commissioner's position was not substantially justified. Accordingly, the Court recommends that Plaintiff's application for attorney's fees in the amount of Five Thousand Six Hundred Thirty Dollars and Thirty-Eight Cents ($5,630.38) be **GRANTED** in part and **DENIED** in part. The Court further recommends that the payment be made payable to Plaintiff, but mailed to her in care of counsel.

s/ Kenneth S. McHargh  
Kenneth S. McHargh  
United States Magistrate Judge

Date: April 14, 2011.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within ten (14) days of mailing of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also United States v. Walter*s, 638 F.2d 947 (6th Cir. 1981).