UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Kathleen Payne,** | ) | **CASE NO. 1:09 CV 140** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **Michael J. Astrue,** | ) | <u>**Order**</u> |
| | ) | |
| **Defendant.** | ) | |

**<u>INTRODUCTION</u>**

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Kenneth S. McHargh (Doc. 31) recommending that the Court award attorney's fees to plaintiff in the amount of $5,630.38. The government has filed objections. For the reasons that follow, the Report and Recommendation is ACCEPTED.

**<u>FACTS</u>**

This Court previously issued a Memorandum of Opinion and Order remanding this

1

matter to the Commissioner for further proceedings.[1] The Court concluded that defendant erred by rejecting the opinion of plaintiff's treating physician without providing adequate reasoning. Specifically, the Court found the ALJ's reasons for the rejection to be insufficient. In particular, the Court concluded that the ALJ erred by rejecting the opinion on the basis that the treating physician was not a mental health specialist and because she did not take notes of any personal observations.

The Magistrate Judge recommends granting the motion for attorney's fees on the basis that defendant's position was not "substantially justified." Defendant filed objections.

### STANDARD OF REVIEW

Federal Rule of Civil Procedure 72, which governs the matter herein inasmuch as timely objections have been made to the Report and Recommendation, provides in part:

> **(b) Dispositive Motions and Prisoner Petitions.**
> ...The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

As stated in the Advisory Committee Notes, "The term 'de novo' signifies the magistrate's findings are not protected by the clearly erroneous doctrine, but does not indicate that a second evidentiary hearing is required." citing *United States v. Raddatz*, 447 U.S. 667 (1980).

### ANALYSIS

---

[1] This matter was transferred to the undersigned from Judge Economus after the issuance of the Memorandum of Opinion and Order.

The government objects to the fee award on the grounds that defendant's position was substantially justified. According to defendant, it was not unreasonable to defend the decision of the ALJ. Specifically, the government argues that the decision not to assign controlling weight to the opinion of a non-mental health treating physician regarding mental health limitations is substantially justified. This Court rejects defendant's objection. As the Magistrate Judge notes, plaintiff and the treating physician had a relationship spanning eight months. The fact that she was not a psychologist or psychiatrist did not warrant the dismissal of her opinion in its entirety without additional supporting reasons. The Court agrees with the Magistrate Judge that such a position is not substantially justified.

The Magistrate Judge further recommends that the payment of fees be made directly to plaintiff in care of her counsel. Plaintiff filed no objections. Accordingly, the payment will be made as recommended.

**DECISION**

For the foregoing reasons, the Court ACCEPTS the Magistrate Judge's Report and Recommendation, which is incorporated herein by reference. Attorney's fees in the amount of $5,630.38 are to be paid directly to plaintiff, in care of her attorney.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 5/6/11